IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane Badding,<br><br>   Plaintiff,<br><br>v.<br><br>David Clouse, et al.,<br><br>   Defendants. | No. CV-20-08315-PCT-DWL (ESW)<br><br>**REPORT<br>AND RECOMMENDATION** |

**TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:**

  On November 25, 2020, Plaintiff, through counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a First Amended Complaint (Doc. 14) on March 31, 2021 that named three Defendants: (i) Navajo County Sheriff David Clouse; (ii) Navajo County Sheriff's Deputy Newman; and (iii) Navajo County Sheriff's Deputy Pendergast. Defendants Clouse and Newman filed a Motion to Dismiss (Doc. 15). On August 26, 2021, the Court granted the Motion to Dismiss, finding that the First Amended Complaint failed to state a claim against all three Defendants. (Doc. 32). In its Order, the Court noted that there is no record that the First Amended Complaint was served on Defendant Pendergast. (Doc. 32 at 12). The Court's Order states:

> If Plaintiff chooses to file a SAC and also chooses to name Deputy Pendergast as a defendant in the SAC, Plaintiff must also, concurrently with his filing of the SAC, file a memorandum showing cause why Deputy Pendergast should

    not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

(*Id.* at 13).

  On September 9, 2021, Plaintiff filed a "Motion to Amend Amended Complaint and Jury Demand" (Doc. 33) and "Motion to Extend Time to Serve Navajo County Sheriff Deputy Pendergast" (Doc. 34). Defendants filed a Response (Doc. 36) to the Motion to Amend. Plaintiff has not replied and the time to do so has passed.

  Federal Rule of Civil Procedure 15(a) provides that courts should "freely give leave" to amend the complaint "when justice so requires." In deciding whether to grant leave to amend, courts should be guided by the "underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (internal quotation marks and citation omitted). Accordingly, the policy favoring amendment should be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

  Courts weigh the following five factors in determining whether to grant a motion for leave to amend: (i) bad faith; (ii) undue delay; (iii) prejudice to the opposing party; (iv) futility of the amendment; and (v) whether the plaintiff has previously amended its complaint. *Nunes*, 375 F.3d at 808 (citation omitted). Prejudice to the opposing party is the "touchstone" of the Rule 15(a) inquiry and carries the greatest weight. *Eminence Capital, LLC*, 316 F.3d at 1052 (internal quotation marks and citation omitted). Absent prejudice or a strong showing on any of the other factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

  Futility alone is enough to deny a motion for leave to amend. *Nunes*, 375 F.3d at 808. However, a proposed amendment is futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Additionally, a proposed amendment is futile if it is "either duplicative of existing claims or patently frivolous, or

both." *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).

In the Motion to Amend, Plaintiff states that "the requested amendment is to remove Sheriff David Clouse as a defendant in this matter as ordered by the Court's dismissal of Sheriff David Clouse from this case. The requested amended complaint is also to retain and name Deputy Pendergast as a defendant in this matter." (Doc. 33 at 3). Defendants correctly observe in their Response that the proposed Second Amended Complaint does "not contain any fact or law that changes the conclusions already reached by this Court" in its Order (Doc. 32) granting the Motion to Dismiss. (Doc. 36 at 3). The undersigned finds that granting the Motion to Amend would be futile. Accordingly,

**IT IS RECOMMENDED** that the Court deny Plaintiff's "Motion to Amend Amended Complaint and Jury Demand" (Doc. 33) and "Motion to Extend Time to Serve Navajo County Sheriff Deputy Pendergast" (Doc. 34).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 23rd day of September, 2021.

_____
Eileen S. Willett
United States Magistrate Judge