1
2
3
4
5
6              IN THE UNITED STATES DISTRICT COURT
7                    FOR THE DISTRICT OF ARIZONA
8
9    Shane Badding,                          No. CV-20-08315-PCT-DWL (ESW)
10                   Plaintiff,              **ORDER**
11   v.
12   David Clouse, et al.,
13                   Defendants.
14

15          In November 2020, Plaintiff, who is represented by counsel, initiated this action by
16   filing the complaint.  (Doc. 1.)  In March 2021, Plaintiff filed the First Amended Complaint
17   ("FAC").  (Doc. 14.)  In a nutshell, the FAC asserts a § 1983 claim in Count One, a state-
18   law claim for assault in Count Two, and a state-law claim for negligence in Count Three.
19   (*Id.* ¶¶ 21-24.)   Notably, although the FAC asserts each of these claims against three
20   different defendants—(1) Navajo County Sheriff David Clouse, (2) Navajo County Sheriff
21   Deputy Pendergast, and (3) Navajo County Sheriff Deputy Newman—only Sheriff Clouse
22   and Deputy Newman were timely served.  (Doc. 7.)

23          On August 26, 2021, the Court issued an order that granted a motion to dismiss the
24   FAC filed by Sheriff Clouse and Deputy Newman.  (Doc. 32.)  As for Count One, the Court
25   concluded it was deficient because, *inter alia*, it "does not allege sufficient facts to establish
26   a violation of the First, Fifth, Ninth, or Fourteenth Amendments."  (*Id.* at 6-11.)  As for
27   Count Two, the Court concluded it was deficient "for reasons similar to [Plaintiff's] Fourth
28   Amendment claim in Count One.  Plaintiff appears to allege that because he was 'falsely

arrested,' putting handcuffs on him necessarily resulted in an assault.  However, Plaintiff does not cite any authority suggesting that putting handcuffs on someone is an assault under Arizona law.  Nor has Plaintiff alleged that his detention/arrest was unsupported by reasonable suspicion or probable cause." (*Id.* at 11.)  As for Count Three, the Court concluded it was barred by *Ryan v. Napier*, 425 P.3d 230 (2018), because "[a]t bottom, that claim accuses 'Defendants' of acting negligently by intentionally entering his home and by intentionally handcuffing and detaining him, which is the very sort of negligence claim that *Ryan* precludes." (*Id.*)

In the August 26, 2021 order, the Court also found that Plaintiff's claims against Deputy Pendergast were subject to dismissal pursuant to the "similarly situated defendant" doctrine, even though Deputy Pendergast had not (by virtue of the fact that he hadn't been served) joined in his co-defendants' dismissal motion.  (*Id.* at 11-12.)

Finally, even though Plaintiff hadn't requested leave to amend in the event of dismissal, the August 26, 2021 order granted such leave to Plaintiff *sua sponte* because "it may be possible for Plaintiff to allege additional facts to cure some of the deficiencies identified above." (*Id.* at 12-13.)  The order specified that any Second Amended Complaint ("SAC") would need to be filed within 14 days and stated that, to the extent Plaintiff wished to name Deputy Pendergast as a defendant in the SAC, he would need to separately show cause why Deputy Pendergast should not be dismissed pursuant to Rule 4(m) based on the failure to timely serve him.  (*Id.*)

On September 9, 2021, Plaintiff filed three documents.  First, Plaintiff filed a "motion to amend amended complaint" (Doc. 33), along with a redlined copy of his proposed SAC (Doc. 33-1).  In this motion, Plaintiff clarifies that "the requested amendment is to remove Sheriff David Clouse as a defendant in this matter . . . [and] also to retain and name Deputy Pendergast as a defendant in this matter." (Doc. 33 at 3.) Second, Plaintiff filed a motion to extend the time to serve Deputy Pendergast.  (Doc. 34.) In this motion, Plaintiff states that he made diligent efforts to serve Deputy Pendergast in January 2021 and failed to pursue follow-up service efforts only because his counsel

thereafter became gravely ill and was hospitalized for several months.  (*Id.* at 3.)  Plaintiff also attached evidence that Deputy Pendergast had been served in September 2021.  (Doc. 34-1.)  Third, Plaintiff filed a "motion to retain and include Navajo County Sheriff Deputy Pendergast in the case and memorandum in support thereof," which largely tracks the arguments set forth in the other service-related motion.  (Doc. 35.)

On September 14, 2021, all three defendants filed an opposition to Plaintiff's "motion to amend amended complaint."  (Doc. 36.)  Defendants argue the motion should be denied because, "[w]ith the exception of properly deleting Sheriff Clouse from the litigation, the proposed [SAC] does nothing to cure the deficiencies that support the dismissal of this case."  (*Id.* at 2.)  Thus, Defendants argue that "the filing of the [SAC] would be futile."  (*Id.*)

On September 23, 2021, Magistrate Judge Willett issued a report and recommendation ("R&R") addressing Plaintiff's pending motions.  (Doc. 37.)  As for the "motion to amend amended complaint," the R&R states it should be denied because the proposed SAC fails to cure the deficiencies identified in the August 26, 2021 order and is thus futile.  (*Id.* at 3.)  And because the proposed SAC would be futile, the R&R states that Plaintiff's request for more time to serve Deputy Pendergast should be denied.  (*Id.*)  The R&R concludes by advising the parties that they "have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court" and "[f]ailure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review."  (*Id.*)

More than 14 days have elapsed since the issuance of the R&R and Plaintiff has not filed any objections.  For this reason alone, the Court adopts the R&R's recommendations and denies Plaintiff's pending motions on that basis.  *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Schmidt v. Johnstone*, 263 F. Supp. 2d

1219, 1226 (D. Ariz. 2003) ("[N]o review is required of a magistrate judge's report and recommendation unless objections are filed.").  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

The Court further notes the procedural irregularity of the recent filings.  Pursuant to the August 26, 2021 order, Plaintiff wasn't required to seek leave to file a SAC—he was already granted such leave by the order.  Thus, to the extent Plaintiff believed he could allege additional facts that might cure the deficiencies identified in the August 26, 2021 order, he was free to do so by simply filing the SAC and lodging a redlined version identifying how it differed from the FAC—no motion was required.  (Doc. 32 at 13 ["Within 14 days of the issuance of this order, Plaintiff may file and serve a SAC.  Plaintiff shall, consistent with LRCiv 15.1(a), attach a redlined version of the pleading as an exhibit."].)  Nevertheless, even if the Court were to treat the lodged document at Doc. 33-1 as a filed SAC, dismissal of this action would be warranted.  This is because the document at Doc. 33-1 does not contain any new factual allegations.  As a result, all three claims in this document remain subject to dismissal for the reasons stated in the August 26, 2021 order.  And because Plaintiff has now been given several chances to amend, there is no need to offer yet another amendment opportunity before terminating this action.  *Cf. Chodos v. W. Publishing Co.*, 292 F.3d 992, 1002 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'") (citation omitted).

…

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that:

(1)     Plaintiff's "motion to amend amended complaint" (Doc. 33) is **denied**.

(2)     Plaintiff's "motion to extend time to serve Navajo County Sheriff Deputy Pendergast" (Doc. 34) is **denied**.

(3)     Plaintiff's "motion to retain and include Navajo County Sheriff Deputy Pendergast in the case" (Doc. 35) is **denied**.

(4)     The R&R (Doc. 37) is **adopted**.

(5)     To the extent the document lodged at Doc. 33-1 is considered the SAC, it is **dismissed without leave to amend**.

(6)     The Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 13th day of October, 2021.

_____
Dominic W. Lanza
United States District Judge